**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EKA HARYATY TANTALIS; RONY AGUS, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 07-71358 <br><br> Agency Nos.  A095-599-566 <br> A095-599-565 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Eka Haryaty Tantalis and her husband, Rony Agus, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JT/Research

application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners did not suffer past persecution because the rape Tantalis suffered was not on account of a protected ground, *see Ochave v. INS,* 254 F.3d 859, 865 (9th Cir. 2001), Agus failed to establish that the government was unwilling or unable to control his persecutors with respect to the 1996 motorcycle incident, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1071-72 (9th Cir. 2005), and the remaining incidents did not rise to the level of persecution, *see Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995). Substantial evidence also supports the agency's determination that petitioners did not show sufficient individualized risk to demonstrate a well-founded fear of future persecution. *Cf. Sael v. Ashcroft*, 386 F .3d 922, 927-29 (9th Cir. 2004). Accordingly, their asylum claim fails.

Because petitioners failed to establish eligibility for asylum, it necessarily follows that they cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**